IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAVINCE M. PATRICK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-73-SLR |
| PERRY PHELPS, Warden, and and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | ) ) ) ) ) ) | |
| Respondents. | ) ) | |

Lavince M. Patrick. Pro se petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

February 9, 2011
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is Lavince M. Patrick's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 2005, petitioner was indicted on the charges of attempted second degree burglary and resisting arrest. Petitioner waived his right to a jury trial, and the Superior Court convicted him of both charges on January 23, 2006. On March 17, 2006, upon the State's motion, the Superior Court declared petitioner an habitual offender and sentenced him to eight years at Level V incarceration, followed by probation. *Patrick v. State*, 922 A.2d 415 (Table), 2007 WL 773387, at *1 (Del. Mar. 15, 2007). Petitioner appealed, and the Delaware Supreme Court affirmed petitioner's conviction and sentence on March 15, 2007. *Id.* at *3.

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on August 8, 2007. (D.I. 18) The Superior Court denied the Rule 61 motion on August 25, 2008. (D.I. 18, Del. Super. Ct. Dkt. Entry No. 69) The Delaware Supreme Court affirmed that decision in January 2009, and then denied petitioner's motion for rehearing en banc on February 4, 2009. *Patrick v. State*, 966 A.2d 348 (Table), 2009 WL 189161 (Del. Feb. 4, 2009)

Petitioner's pending § 2254 application, dated January 26, 2010, asserts the following four claims: (1) he is actually innocent of the charges for which he was

convicted; (2) the trial court and the State violated his due process and equal protection rights; (3) counsel provided ineffective assistance during the trial; and (4) counsel provided ineffective assistance on direct appeal. (D.I. 2) The State filed an answer, asserting that the application should be denied as time-barred or, alternatively, as procedurally barred and failing to warrant relief under § 2254(d). (D.I. 16) The application is ready for review.

## III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated January 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336

---

[1]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reasons for denying the application.

2

(1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (C). Petitioner does, however, attempt to trigger a later starting date under § 2244(d)(1)(D),[2] but the court is not persuaded. Contrary to petitioner's assertion, the Delaware Supreme Court case *Cooke v. State*, 977 A.2d 803 (Del. 2009), does not constitute a "factual predicate" for the claims in his application under § 2244(d)(1)(D), because *Cooke* was not a decision rendered in petitioner's own litigation history. *See Johnson v. United States,* 544 U.S. 295 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking the order); *Shannon v. Newland,* 410 F.3d 1083, 1088 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was a party to that case). Therefore, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed petitioner's conviction and sentence on March 15, 2007, and he did not seek certiorari review. Therefore, petitioner's conviction became final on June 13, 2007. Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254

---

[2](D.I. 20)

3

application by June 13, 2008. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until January 26, 2010,[3] almost two full years after the expiration of AEDPA's limitations period. Thus, the instant habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Holland v. Florida*, 130 S.Ct. 2549 (2010); *Jones*, 195 F.3d at 158. The court will discuss each doctrine in turn.

### A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed a Rule 61 motion on August 8, 2007, fifty-six days into AEDPA's one-year period. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on January 20, 2009. However, petitioner filed a motion for rehearing en banc, which the Delaware Supreme

---

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts January 26, 2010 as the date of filing because that is the date on petitioner's application.

4

Court denied on February 4, 2009. In these circumstances, the Rule 61 motion tolled the limitations period from August 10, 2007, through February 4, 2009.

The limitations clock started again on February 5, 2009, and ran the remaining 309 days without interruption until the limitations period expired on December 11, 2009. Therefore, even with statutory tolling, the application is time-barred.

### B. Equitable tolling

AEDPA's limitations period may also be tolled for equitable reasons. *Holland*, 130 S.Ct. 2549. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[4] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has identified three situations in which equitable tolling may be warranted:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998).

Petitioner contends that two extraordinary circumstances "hampered his ability" to file the instant application in a timely manner: (1) he was moved to a higher security level between November 2008 and January 5, 2010, which limited his access to the law library and legal materials; and (2) he was waiting for the Delaware Supreme Court to

---

[4]*Holland*, 130 S.Ct. at 2562

render a decision in *Cooke v. State*, 977 A.2d 803 (Del. 2009), which it finally did on July 21, 2009. (D.I. 20) Neither of these "events", however, rise to the level of extraordinary circumstances for equitable tolling purposes. For instance, limited access to the law library and legal materials is a routine aspect of prison life, and petitioner has failed to demonstrate how this alleged restricted access actually prevented him from timely filing his habeas application. *See Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009). As for petitioner's contention that he needed to wait for the *Cooke* decision before filing his application, the pendency of a case to which he was not a party simply did not prevent him from filing a basic federal habeas application in a timely fashion. And finally, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that petitioner has failed to establish his entitlement to equitable tolling. Accordingly, the court will dismiss the instant application as time-barred.

### C. Pending Motion

Petitioner has filed a "motion to set aside the state court's finding of facts", asking the court to review his application under § 2254(d)(2). (D.I. 21) Having already concluded that the application is time-barred, the court will deny this motion as moot.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court

must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.